Filed 8/20/15  P. v. Ramirez CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

## (Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C077444 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14-325) |
| v. | |
| JAMIE LEE RAMIREZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jamie Lee Ramirez has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant was charged by criminal complaint with sexual penetration of a child under the age of 10 (Pen. Code, § 288.7, subd. (b)—count 1),[1] attempt to engage in oral copulation of a child under the age of 10 (§§ 664/288.7, subd. (b)—count 2), and lewd act on a child under the age of 14 (§ 288, subd. (a)—count 3).

By negotiated plea agreement, count 1 of the complaint was amended to allege a lewd act on a child under the age of 14 by use of force or fear (§ 288, subd. (b)(1)).

Defendant entered a negotiated plea of no contest to forcible lewd or lascivious act on a child under the age of 14 (amended count 1) and attempted oral copulation of a child under the age of 11 (count 2) in exchange for a stipulated state prison sentence of 17 years; dismissal with a *Harvey*[2] waiver of count 3; forfeiture of all electronic devices, guns, and ammunition seized by law enforcement; and the People's agreement not to pursue additional charges against defendant for possession of illegal guns or ammunition or child pornography in the event of discovery of such material on the seized electronic devices.

The factual basis to substantiate the negotiated plea is as follows:  During May 2014, defendant (born in 1969) committed sexual crimes against a six-year-old neighbor and friend of defendant's children who frequented defendant's residence.  On one occasion, defendant penetrated the victim's vagina with his finger against the victim's will and by use of force or fear.  On a separate occasion, defendant asked the victim to orally copulate him.

Defendant filed a motion to withdraw his plea.  The trial court conducted a hearing on defendant's motion, during which several witnesses testified, including defendant.  At

---

**1**  Undesignated statutory references are to the Penal Code.

**2**  *People v. Harvey* (1979) 25 Cal.3d 754.

the conclusion of the hearing, the court found defendant's testimony was not credible and denied the motion.

The court sentenced defendant to 17 years in state prison as stipulated. The court imposed a $5,100 restitution fine (§ 1202.4), a $5,100 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), an $80 court security fee (§ 1465.8), a $60 conviction assessment fee (Gov. Code, § 70373), and a $1,140 fine pursuant to section 290.3 (with a breakdown of the fine to be attached to the abstract of judgment and provided to defendant). The attachment reflects a $300 first offense base fine (§ 290.3, subd. (a)), a $300 state penalty assessment (§ 1464), a $210 county penalty assessment (Gov. Code, § 76000), a $60 DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Prop. 69) penalty (Gov. Code, § 76104.6), a $150 state court construction penalty (Gov. Code, § 70372, subd. (a)), a $60 emergency medical services penalty (Gov. Code, § 76000.5), and a $60 state surcharge (§ 1465.7), for a total fine of $1,140. The court awarded defendant 92 days of presentence custody credit (80 *actual days* plus 12 *conduct days*).[3]

Defendant filed a timely notice of appeal. The trial court denied his request for a certificate of probable cause. (§ 1237.5.)

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

---

[3] We note the credits are mistakenly transposed on both the September 4, 2014, and June 8, 2015 (amended) abstracts of judgment, although the total of 92 days is correct.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We do note, however, that the abstract of judgment reflects the following, none of which was included in the court's oral pronouncement of judgment: "Defendant to pay $180.00 to the Victim of Crimes Fund plus 10% interest from and after 02/08/13 plus a 10% collection fee. The Court reserves as to future victim restitution." Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) Because the trial court did not orally impose any such fine, we exercise our inherent authority to correct the abstract by striking reference to such language from the abstract. (*People v. Mitchell*, *supra*, at p. 185.)

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the amended abstract of judgment by striking the words "Defendant to pay $180.00 to the Victim of Crimes Fund plus 10% interest from and after 02/08/13 plus a 10% collection fee" and "The Court reserves as to future victim restitution." Additionally, the court is directed to correct the transposition of actual and conduct credits as indicated above, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

                                                     _____BUTZ_____, J.


We concur:


_____RAYE_____, P. J.


_____HULL_____, J.